1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM MCKOBY,

                    Plaintiff(s),

        v.

ELITE PUBLISHER, et al.,

                    Defendant(s).

CASE NO. C25-1946-KKE

ORDER DECLINING TO ISSUE
SUMMONS PENDING AMENDMENT OF
THE COMPLAINT

    This matter comes before the Court on *sua sponte* review of Plaintiff's complaint under 28
U.S.C. § 1915.  Plaintiff filed a nearly identical action earlier this year against Defendants Elite
Publisher ("Elite") and Smart Tri Tech based on the same events alleged in this action.  *See*
*McKoby v. Elite Publisher* ("*McKoby I*"), No. C25-0821-KKE, 2025 WL 1568190 (W.D. Wash.
June 3, 2025).  In both cases, Plaintiff applied for, and was granted, permission to proceed *in forma*
*pauperis* ("IFP").  *Id.* at *1; Dkt. No. 5.  As in *McKoby I*, the Court has reviewed Plaintiff's
complaint (Dkt. No. 6) under 28 U.S.C. § 1915(e)(2) and, once again, finds that Plaintiff has failed
to state a claim upon which relief can be granted.  The Court will provide Plaintiff a final
opportunity to file an amended complaint by November 12, 2025, to cure the deficiencies
described below.

    A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is
subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is frivolous,

ORDER DECLINING TO ISSUE SUMMONS PENDING AMENDMENT OF THE COMPLAINT - 1

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (applying § 1915 review to non-prisoner IFP filers).  Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Although Rule 8 "does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Plaintiff's complaint alleges he paid Elite $2,399 dollars to publish his book.  Dkt. No. 6 at 1–2.  Elite allegedly agreed to provide copy editing and printing services and to distribute the book to various bookstores. *Id.*  Although the details are unclear from his complaint, Plaintiff was ultimately dissatisfied with Elite's services.  He alleges he "was continually having to correct identical … errors committed by" Elite and that, despite being told he would receive addresses and phone numbers for Elite's "Corporate management[,]" Elite instead sent "false corporate information and addresses with phone numbers equaling dead-end communications." *Id.* at 6.  Elite allegedly told Plaintiff his book would be "completed within two months[,]" but, at time he first filed his complaint, the process had taken approximately "ten months[.]" *Id.* at 1, 8.  Plaintiff hired a lawyer to send a demand letter, which states:  "Contrary to contractual provisions, [Elite]

attempted to charge extra for [its] errors."[1]  Dkt. No. 6-1 at 2.  Plaintiff appears to assert claims for conspiracy against rights under 18 U.S.C. § 241; violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; and, possibly, mail fraud under 18 U.S.C § 1341.

Plaintiff's complaint in *McKoby I* was nearly, if not entirely, identical.  In *McKoby I*, as in this case, Plaintiff filed an application to proceed IFP, which the Court granted.  *Id.* at *1.  The Court then reviewed the complaint under 28 U.S.C. § 1915, found that it failed to state a claim upon which relief could be granted, and dismissed it without prejudice and with leave to amend. *Id.* at *1–2.  After Plaintiff failed to file an amended complaint and failed to respond to an order to show cause, the Court dismissed *McKoby I* without prejudice for failure to prosecute.  *See McKoby I,* No. C-25-0821-KKE, Dkt. Nos. 7, 8, 9.

As in *McKoby I*, Plaintiff's near-carbon-copy complaint in this case fails to state a claim on which relief may be granted.  To begin, 18 U.S.C. § 241, conspiracy against rights, is a federal criminal statute that creates no private right of action.  *Davis v. Sarles*, 134 F. Supp. 3d 223, 228 (D.D.C. 2015) ("[P]laintiffs' reliance on 18 U.S.C. § 241 … fails as a matter of law since th[is] federal criminal statute[] do[es] not create a private right of action."); *Peabody v. United States*, 394 F.2d 175, 177 (9th Cir. 1968) (holding 18 U.S.C. § 241 provides no "affirmative relief" for prisoner challenging validity of sentence).  In other words, only government prosecutors—not private individuals, like Plaintiff—may bring actions under the statute.  Similarly, "to the extent Plaintiff alleges Defendants violated the Mail Fraud Act, 18 U.S.C. § 1341, the Mail Fraud Act is a criminal statute and 'does not create a private right of action[.]'"  *Chester v. United States Dep't of State*, No. 3:23-cv-05367-DGE, 2024 WL 2922801, at *3 (W.D. Wash. June 10, 2024).

---

[1] The demand letter is to Elite and Smart Tri Tech.  Dkt. No. 6-1 at 2.  But the complaint does not indicate what role Smart Tri Tech has in this case or how it participated in Plaintiff's publishing arrangement with Elite.

Plaintiff's complaint also fails to plead facts sufficient to raise his ADA claim "above the speculative level[.]" *Twombly*, 550 U.S. at 555.   Although not clearly identified in the complaint, his claim most closely resembles a claim for disability discrimination in a place of public accommodation under Title III of the ADA.[2]  *See id.* § 12182(a).  "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

Even assuming Plaintiff has a disability within the meaning of the ADA and Elite is a place of public accommodation, Plaintiff fails to plead facts suggesting he was denied full enjoyment of a public accommodation because of his disability.  His complaint merely alleges he was dissatisfied by Elite's services for reasons that have no apparent connection to his alleged disability.  For instance, Plaintiff pleads no facts suggesting Elite's editing errors, its sharing of "false corporate information and addresses[,]" or the delay in completing Plaintiff's book have been due to a failure to accommodate Plaintiff's disability or are in any way related to his disability.  Indeed, the complaint does not tie any of Elite's actions to Plaintiff's disability except through the conclusory assertion that Elite "executed continual discriminations" against him.  Such conclusory statements without factual support are insufficient to state a claim for relief.  *Iqbal*, 556 U.S. at 681.

Further, as explained in *McKoby I*, to the extent Plaintiff intends to assert a breach of contract claim under Washington law, Plaintiff must establish this Court's subject matter jurisdiction over such state law claims, either by pleading diversity jurisdiction (28 U.S.C. § 1332)

---

[2] Plaintiff does not allege that he suffered discrimination in regard to either employment or public services.  *See* 42 U.S.C. §§ 12112(a), 12132.

ORDER DECLINING TO ISSUE SUMMONS PENDING AMENDMENT OF THE COMPLAINT - 4

or supplemental jurisdiction (28 U.S.C. § 1367).  Plaintiff has not pled either basis for the Court's jurisdiction over his breach of contract claim.  Fed. R. Civ. P. 8(a) (requiring a "short and plain statement of the grounds for the court's jurisdiction").

Because Plaintiff has no private right of action under 18 U.S.C. §§ 241 or 1341 and his complaint fails to allege facts suggesting he was denied public accommodation because of a disability, the Court cannot find that Plaintiff has stated valid claims upon which this Court can grant relief.  **The Court therefore declines to issue summons at this time and ORDERS Plaintiff to file an amended complaint, no later than November 12, 2025.**  An amended complaint will completely replace the original complaint, and Plaintiff must articulate both the legal and factual bases supporting his claims.  If Plaintiff fails to file an amended complaint addressing the issues identified in this order, the Court may dismiss this action for failure to state a claim or for failure to comply with a court order.  As Plaintiff has now had more than one opportunity to amend the shortcomings in his complaint, dismissal may be with prejudice.

The clerk shall mail Plaintiff a copy of this order along with a copy of the Pro Se Guide to Filing Your Lawsuit in Federal Court.

Dated this 28th day of October, 2025.

Kymberly K. Evanson
United States District Judge