UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM MCKOBY, | CASE NO. C25-1946-KKE |
| Plaintiff(s), | ORDER ON REQUEST FOR RECUSAL |
| v. | |
| ELITE-PUBLISHER, et al., | |
| Defendant(s). | |

This matter comes before the Court on Plaintiff William McKoby's filing, titled an "Affidavit of Prejudice," which requests that the undersigned judge "be removed from this Pro se case … and replaced with another USDC Judge." Dkt. No. 9. McKoby's filing cites 28 U.S.C. § 144, which states that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Such an affidavit must "state the facts and the reasons for the belief that bias or prejudice exists[.]" *Id.*

The Court construes McKoby's filing as a motion to recuse. In general, a judge should recuse herself "'in any proceeding in which [her] impartiality might reasonably be questioned,' or whenever '[she] has a personal bias or prejudice concerning a party.'" *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984) (quoting 28 U.S.C. § 455(a), (b)(1) and explaining

that same standard applies to motions to recuse under 28 U.S.C. § 144). An affidavit pursuant to 28 U.S.C. § 144 must set forth "facts … from which a reasonable mind may fairly infer personal bias or prejudice against [a party]." *Grimes v. United States*, 396 F.2d 331, 333 (9th Cir. 1968). "[B]ias for purposes of the statute must be from an extrajudicial source, and not solely from information gained in the course of the proceedings." *Matter of Beverly Hills Bancorp*, 752 F.2d at 1341. "Unfavorable rulings alone are legally insufficient to require recusal[.]" *Id.*

McKoby's affidavit fails to set forth facts reasonably suggesting bias or prejudice, and the Court finds that recusal is not otherwise warranted. The affidavit references facts with no apparent connection to the undersigned judge, *see* Dkt. No. 9 at 1 (referring to actions by the United States Government and alleged "kidnapping"), and proceedings in another case presided over by another district judge, *id.* (referring to the sealing of evidence in *Robey v. United States*, 25-cv-338 (W.D. Wash.)). McKoby's vague references to "Malfeasance" do not establish a ground for recusal. *Id.* at 2.

To the extent McKoby moves for recusal, the Court DENIES McKoby's motion. The recusal request is, however, REFERRED to Chief Judge David Estudillo for further review, consistent with the local rules of this district. Local Rules W.D. Wash. LCR 3(f).

Dated this 19th day of November, 2025.

Kymberly K. Evanson
United States District Judge

ORDER ON REQUEST FOR RECUSAL - 2