UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM MCKOBY,<br><br>                Plaintiff,<br>   v.<br><br>ELITE PUBLISHERS et al.,<br><br>                Defendant. | CASE NO. 2:25-cv-01946-KKE<br><br>ORDER ON MOTION FOR RECUSAL (DKT. NO. 10) |

      This matter comes before the Court on United States District Judge Kymberly K. Evanson's denial (Dkt. No. 10) of Plaintiff's "Affidavit of Prejudice," which the Court construes as a motion for recusal (Dkt. No. 9). Local Civil Rule 3(f) provides that "whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455" and the "challenged judge decides not to voluntarily recuse" herself, she must "direct the clerk to refer the motion to the chief judge." Plaintiff's affidavit seeks relief under § 144. (Dkt. No. 9 at 1.) Accordingly, this Court now reviews Judge Evanson's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is required if the judge's "impartiality might reasonably be questioned."  28 U.S.C. § 455(a); *see also Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry focused on the appearance of impartiality.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).  Recusal is also required in specific situations, including where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  *Id*.  Such bias or prejudice must derive from more than standard disagreements with court rulings.  *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") on October 6, 2025 (Dkt. No. 1), which was granted by United States Magistrate Judge S. Kate Vaughan on October 10 (Dkt. No. 5).  In that order, Judge Vaughan recommended the district judge conduct a review under 28 U.S.C. § 1915(e)(2)(B).  (*Id.* at 1.)  Plaintiff filed his complaint the same day (*see* Dkt. No. 6), and on October 23, filed a "Motion for Hearing," in which he requested a "hearing against 28 U.S.C. § 1915(e)(b)(2) [sic]."  (Dkt. No. 7.)  Judge Evanson reviewed Plaintiff's complaint and found that it failed to state a claim on which relief may be granted.  (Dkt. No. 8.)  Judge Evanson declined to issue summons and ordered Plaintiff to file an amended complaint by November 12.[1]  (*Id.* at 5.)

On November 3, Plaintiff filed an "Affidavit of Prejudice," in which he requests Judge Evanson "be removed from this Pro se case" and be "replaced with anther USDC Judge."  (Dkt. No. 9 at 2.)  Because Plaintiff cited to 28 U.S.C. § 144 in this filing, Judge Evanson construed it

---

[1] Judge Evanson also noted Plaintiff filed an identical complaint earlier this year, against the same defendant and based on the same events.  (Dkt. No. 8 at 1) (*McKoby v. Elite Publisher* ("*McKoby I*"), No. C25-0821-KKE, 2025 WL 1568190 (W.D. Wash. June 3, 2025)).  That complaint also failed to state a claim and was dismissed without prejudice because Plaintiff failed to file an amended complaint and failed to respond to an order to show cause.  (*Id.* at 3.)

ORDER ON MOTION FOR RECUSAL (DKT. NO. 10) - 2

as a motion to recuse. (Dkt. No. 10 at 1.) Judge Evanson found that Plaintiff's affidavit "fails to set forth facts reasonably suggesting bias or prejudice" and that his "vague references to 'Malfeasance' do not establish a ground for recusal." (*Id.* at 2.)

Upon review, this Court agrees with Judge Evanson's assessment that recusal is not warranted. Plaintiff states that his pro se complaint must be "viewed liberally" and "if the USDC understands my pleading they are to go forward with this case without further punishment." (Dkt. No. 9 at 2.) Plaintiff "BELIEVE[S]" the case should proceed "without Malfeasance being committed by this USDC against my person for speaking the truth as a disabled Vet." (*Id.*) Along with referencing unrelated facts and proceedings in another case not before Judge Evanson[2] (*see generally* Dkt. No. 9), Plaintiff's affidavit appears to express disagreement with Judge Evanson's dismissal of Plaintiff's complaint. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not a sufficient cause for recusal."). Plaintiff has not pointed to any evidence that a "reasonable person with knowledge of all the facts would conclude that [Judge Evanson]'s impartiality might reasonably be questioned" in this circumstance. *Yagman*, 987 F.2d at 626.

Accordingly, the Court AFFIRMS Judge Evanson's denial (Dkt. No. 10) of Plaintiff's motion for recusal (Dkt. No. 9).

Dated this 25th day of November 2025.

---

[2] Plaintiff identifies this case as "2:25-cv-00338-JONES." (Dkt. No. 9 at 1.) That case number involves a plaintiff named "William Robey," who has the same address as Plaintiff in this matter. It is unclear whether Plaintiff is the same person as "William Robey."

David G. Estudillo
United States District Judge

ORDER ON MOTION FOR RECUSAL (DKT. NO. 10) - 4